IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUGH CALLOW, an individual, ) | |
| ) | Case No. CV-03-129-S-BLW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RIVERVIEW MARINA, INC., dba ) | |
| CUSTOM WELD MARINA, an ) | |
| Idaho corporation, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff has filed a Motion for Reconsideration of the Order Granting a New Trial. Defendant opposes the motion and plaintiff has replied. Oral argument has been heard and the motion is ready for ruling.

The court's decision to grant a new trial centered upon plaintiff's testimony at trial where he disclosed for the first time that he had discussed employment opportunities with Tom Green of Peterson Autoplex and Allan Marsh of Allan Marsh Sales. Mr. Green and Mr. Marsh were persons with knowledge of plaintiff's efforts to mitigate damages. Plaintiff, however, did not disclose the information regarding Green and Marsh during his deposition, in his initial disclosures, or in response to interrogatories. After finding that the failure to

disclose the information regarding Green and Marsh prevented defendant from fully and fairly presenting its case, the court granted defendant's motion for a new trial. Plaintiff now moves the court to reconsider that order.

A motion for reconsideration must demonstrate some reason why the court should reconsider its previously ruling. The motion must set forth facts or law of a strongly convincing nature to induce the court to reconsider its previously ruling. The primary grounds warranting reconsideration include: (1) an intervening change in controlling law; (2) the presentation of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *School Dist. No. IJ, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff argues that the motion to reconsider is predicated upon newly discovered evidence. Newly discovered evidence is generally defined as that evidence which could not have been discovered at an earlier stage despite the exercise of due diligence. *Defenders of Wildlife v. Bernal,* 204 F.3d 920, 929 (9th Cir. 2000) (citation omitted).

Plaintiff argues that he disclosed the information regarding Green and Marsh on November 3, 2004, day two of the trial. Plaintiff argues further that defendant, at that time, should have moved to strike plaintiff's testimony, moved for a continuance to investigate the matter, moved for a mistrial, or taken some other

action in order to bring the matter to the attention of the court. Instead, plaintiff argues, defendant failed to contact Mr Green regarding his contact with plaintiff until mid December 2004, over a month after the jury returned its verdict. Plaintiff argues that defendant made a calculated decision to remain silent during his testimony and await the final verdict. When the verdict was returned in plaintiff's favor, plaintiff argues that defendant then played its trump card and moved for a new trial based on plaintiff's discovery violations. *See United States v. Fidelity and Guar. Co. v. Baker Material Handling Corp.*, 62 F.3d 24, 29 (1st Cir. 1995) (The appropriate remedy for parties who uncover discovery violations is not to seek reversal after an unfavorable verdict but a request for a continuance at the time the surprise occurs.) (citations and quotation marks omitted).[1]

Regarding the "newly discovered evidence" which prompted the instant motion to reconsider, plaintiff argues that on December 12, 2005, the parties deposed Mr. Green. Plaintiff argues further that during the deposition, he learned the "new evidence" that defendant had made no effort to contact Green prior to the close of the jury trial and not for another six weeks thereafter. As noted above, however, "newly discovered evidence" is that evidence which could not have been

---

[1] Plaintiff did not cite any Ninth Circuit cases, which were directly on point in support of his argument.

discovered despite the exercise of *due diligence*. Plaintiff, however, through the exercise of even the slightest diligence, could have determined whether defendant had contacted Mr. Green during trial, at the close of trial, or anytime after the trial. In fact, plaintiff should have presented this argument to the court in response to defendant's motion for a new trial under Rules 60(b)(2) and 60(b)(3), or in response to the motion for sanctions, but not in the form of a motion to reconsider filed six months after the court granted a new trial for discovery violations. Plaintiff's delayed reaction to the timing of defendant's contact with Mr. Green simply does not constitute "newly discovered" evidence.[2]

      Plaintiff's motion to reconsider (Docket No. 128) is DENIED.

Date: April 7, 2006

/s/ James M. Fitzgerald
Senior United States District Judge

---

[2] Regarding the remaining two reasons for granting a motion to reconsider, there has been no intervening change in the controlling law, and plaintiff has not established that the court created "manifest injustice" by granting a new trial.