UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUGH CALLOW, an individual, ) | Case No. CIV 03-129-S-BLW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RIVERVIEW MARINA, INC., dba ) | |
| CUSTOM WELD MARINA, an ) | |
| Idaho corporation, ) | |
| ) | |
| Defendant. ) | |

ORDER

Defendant has filed a motion for partial summary judgment. Plaintiff has filed a response and defendant has replied. Oral argument has been heard and the motion is ready for ruling. The facts are well-known to the parties and will not be repeated herein except where necessary.

Defendant Riverview Marina, Inc., (Riverview) moves for partial summary judgment, arguing that based on plaintiff Hugh Callow's failure to mitigate, he should be precluded from recovering back pay as of June 1, 2002. In the alternative, Riverview argues that plaintiff should be precluded from recovering back pay as of September 1, 2002.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; to defeat the motion, the non-moving party must affirmatively set forth facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Id.* At 256. When the non- moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence of a genuine issue of material fact from the non-moving party. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party need not disprove the other party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-225. (1986).

Riverview bears the burden of showing that plaintiff has failed in his "duty to mitigate damages by using reasonable care and diligence in seeking suitable alternative employment." *Jackson v. Shell Oil Co.*, 702 F.2d 197, 201-02 (citing *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978). The defendant must establish "(1) that there were suitable positions available which the plaintiff could have discovered; and (2) that he failed to use reasonable care and diligence in seeking them out. *Jackson*, 702 F.2d at 202. "The reasonableness of a plaintiff's efforts to mitigate is a question of fact for the jury to determine." *Id.*

This is Riverview's second motion on this issue. On July 27, 2004, the court denied Riverview's motion for summary judgment based on plaintiff's failure to mitigate damages because the record was not fully developed. Riverview argues that the undisputed evidence has since been augmented by plaintiff's trial testimony and his subsequent deposition.

Riverview terminated plaintiff's employment on December 28, 2001. The next day, he

began working for Thunderjet Boat Sales. Plaintiff, as he stated in his first deposition, voluntarily terminated his employment with Thunderjet in May of 2002 because it was the end of the season and he wanted to take a break.[1] Plaintiff stated that he "opted to take [his] social security and retire somewhat." Plaintiff also stated in his first deposition that did not apply anywhere else after the Spring of 2002.

Despite stating in his first deposition that he had not applied anywhere after the Spring of 2002, plaintiff testified at trial that he submitted an employment application to Tom Green of Peterson Motors and also contacted Allan Marsh of Allan Marsh Sales about employment. Plaintiff states that Tom Green did not hire him, although Green stated in his deposition that he offered plaintiff a job as a car salesman.

The court granted Riverview's motion for a new trial and permitted Riverview to re-take plaintiff's deposition. During his second deposition, plaintiff produced a document entitled "Work Search Hugh Callow Jan/Sept 02." According to plaintiff, the document details his employment search. The document lists four job search activities as follows:

> Founded HCMS Hugh Callow Marine Service. Helped establish Thunderjet Boat dealership in Boise. Job ended May 31st, 2002.
>
> Went to Burley to look at job with Snake River Marine - told owner what I was looking for in way of compensation. He has not called me back.
>
> Applied for car Salesman with Peterson Motors (Tom Greene). Have not heard back.
>
> Answered Ad for Freight Salesman with UW Freight Lines.

---

[1] Plaintiff argues that he ended his employment with Thunderjet because he chose not to enter into a partnership at Thunderjet. Plaintiff specifically stated in his deposition, however, that he was not required to buy in or leave.

3

> Talked with Wayne. He told me I needed to be LTC Rated and know commodities - Did not qualify.

Plaintiff stated in his second deposition that the listed employment inquiries and his inquiry with Allan Marsh Sales constitute the total of his job search after he quit Thunderjet. Plaintiff also testified that each of the above job inquiries occurred between January and September of 2002. Plaintiff testified that he was aware that there were "twenty-some" boat dealers in the area, but he did not contact any of them after September 2002. Plaintiff testified further that he did not register with Job Service. Plaintiff also worked sporadically for Adventure Boat Sales one day per week. Plaintiff has also delivered Avon twice a month.

At trial, Nancy Collins, a vocational rehabilitation consultant, testified regarding plaintiff's employability and the reasonableness of his job search. Collins testified that, based on plaintiff's extensive experience in the sporting goods industry, management experience, excellent work history, and sales record, that he "should be able to earn between $30 - and $40,000 a year in this labor market." Collins testified further that plaintiff's job skills were transferrable to sales positions with recreational vehicles and automobile dealers.

Regarding the reasonableness of plaintiff's job search, Collins testified that plaintiff should register with Job Service and consult such resources as newspapers, Older Workers Programs, internet job listings, etc. Collins testified that plaintiff could have applied with 20 different sporting goods stores, 20 marinas, over 100 automobile dealers, and 20 recreational vehicle dealers.

A plaintiff bringing a claim for age discrimination "must attempt to mitigate damages by exercising reasonable care and diligence in seeking reemployment after termination." *Cassino v.*

*Reichhold Chems. Inc.*, 817 F.2d 1338, 1345 (9th Cir.1987). To prove a failure to mitigate, Riverview must show "that there were suitable positions available and that the plaintiff failed to use reasonable care in seeking them." *Id.*

Regarding the first element, Riverview argues that there were suitable positions available to plaintiff because his job skills were transferrable to positions with recreational vehicle and automobile dealerships. Such dealerships, in addition to boat dealerships, and sporting goods stores amounted to approximately 160 potential opportunities for plaintiff. Riverview also argues that according to plaintiff's own testimony, he was capable of selling automobiles and would have accepted such a position depending upon salary and benefits. Based on the evidence, the court finds that suitable positions were available to plaintiff.

Regarding the second element, Riverview argues that plaintiff failed to use reasonable efforts to find employment. Riverview argues that plaintiff voluntarily terminated his position with Thunderjet boat sales, then considered himself somewhat retired and played the rest of the summer. During the remainder of the summer, Riverview argues, plaintiff did nothing more than make an inquiry with Snake River Marine, apply with Peterson Autoplex, make a phone call to UW Freight Lines, and make an inquiry with Allan Marsh.

Viewing the evidence in the light most favorable to the plaintiff, the court rejects Riverview's argument that plaintiff failed to mitigate his damages and that he should be precluded from recovering back pay as of June 1, 2002. After plaintiff was terminated by Riverview, he did work for a brief period at Thunderboat, before voluntarily leaving. Subsequently, and although plaintiff stated that he wanted to "play" and "retire somewhat," he did make job inquiries, albeit unsuccessful, with Snake River Marine, Peterson Autoplex, and

5

UW Freight Lines. *See Jackson v. Shell Oil Co.*, 702 F.2d 197, 202 (9th Cir. 1983) (reasonable diligence shown by at least one formal job application and the procurement of a temporary two-month job during a two year period of unemployment) (citation and quotation marks omitted). Ultimately, the facts support a determination that plaintiff's pursuit of alternative employment was reasonably careful and diligent.

The court agrees with Riverview's argument in the alternative, however, that plaintiff should be precluded from recovering back pay as of September 1, 2002. At this point, plaintiff worked one day per week for Adventure Boat Sales for approximately two months and delivered Avon products every other Saturday. Given the number of job opportunities available to plaintiff, plaintiff should have, at a minimum, continually monitored the classified ads. *Equal Employment Opportunity Commission v. Pape Lift, Inc.*, 115 F.3d 676, 684 (9th Cir. 1997) (reasonable diligence includes checking want ads) (citations omitted). *See also Yancey v. Weyerhaeuser*, 277 F.3d 1021) (8th Cir. 2002) (reasonable mitigation includes continually monitoring classified ads). Plaintiff also should have registered with Job Service); *Yancey*, 277 F.3d at 1025 (Reasonable diligence includes enrolling in a railroad retirement board which provides a national employment data base); *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1468 (5th Cir. 1989) (Plaintiff who worked weekends at a flea market could continue his job search during the week). Viewing the evidence in the light most favorable to plaintiff, the court finds that plaintiff failed to mitigate damages as of September 1, 2002. Accordingly, the court finds that as a result of a failure to mitigate, plaintiff shall be precluded from collecting back pay as of September 1, 2002.

Defendant Riverview's motion for summary judgment is GRANTED, and plaintiff is

precluded from collecting back pay as of September 1, 2002.

Date: April 20, 2006

/s/ James M. Fitzgerald
Senior United States District Judge